IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-360-BO

| | |
|---|---|
| LINDA LIVERMAN and ERIC M. MCMILLIAN, <br><br> Plaintiffs, <br><br> v. <br><br> YORK INSURANCE COMPANY, <br><br> Defendant. | ORDER |

This matter is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint and Plaintiffs' Motion to File in Forma Pauperis. The Court dismisses the original complaint for lack of subject matter jurisdiction, Plaintiffs' Motion to Amend Complaint is DENIED, and Plaintiffs' Motion for Leave to File Amended Complaint is DENIED as moot.

Facts

Plaintiffs allege that they were injured when they were rear-ended at a fast-food drive-through window on July 20, 2010 and they claim the Defendant York Insurance Company wrongfully refuses to pay for their injuries. On September 7, 2010, Plaintiffs filed a proposed complaint seeking "monetary compensation for all medical bills up to a sum of [$15,000, and] . . . punitive damages of [$15,000] for all pain & suffering." As their claims did not exceed $75,000, Magistrate Judge William Webb recommended dismissal on September 19, 2010.

On September 21, Plaintiffs motioned to amend their complaint to increase their damage

1

claims: "Plaintiffs seek $30,000 individually in medical compensation and $30,000 individually in punitive damages of pain and suffering, this is to include damage to a 2005 Dodge Neon driven by Linda Liverman, respondent, for a total of $120,000 collectively." The Plaintiffs provided no explanation for their sudden increase of damages.

## Discussion

The Plaintiffs' Motion for Leave to File Amended Complaint is denied.

To meet federal diversity jurisdiction, a claim must exceed $75,000 in damages. 28 U.S.C. § 1332. However, a damages claim must be made in good faith to qualify for diversity jurisdiction and a court must dismiss a claim if it appears to a "legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 303 U.S. 283, 288-289 (1938). A plaintiff motioning to amend his damage demand after a judge finds it jurisdictionally inadequate raises obvious suspicion; absent some showing of a "change of circumstances or developing injuries," this is independent evidence of bad faith. Arrnold v. Truccoli, 344 F. 2d 842, 846 (2nd Cir. 1965).

Here, the Plaintiffs seek to increase their claim after a magistrate judge found it insufficient for diversity jurisdiction. The Plaintiffs do not explain how their damages doubled in the 12 days that passed since they filed their original proposed complaint. The Court thus finds the Plaintiffs seek to amend their complaint in bad faith and the Court denies their Motion for Leave to File an Amended Complaint.

According, the Plaintiffs' original claim does not exceed $75,000 and the Court dismisses the complaint for lack of subject matter jurisdiction. Plaintiffs' Motion to File in Forma Pauperis

2

Case 5:10-cv-00360-BO   Document 6   Filed 10/20/10   Page 2 of 3

is dismissed as moot.

SO ORDERED, this __19__ day of October, 2010.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE